"This case comes before the court on plaintiffs request, filed December 23, 1977, for prompt review by the court of the trial judge’s orders of December 13, 1977, granting defendant’s motions for leave to take depositions and for the issuance of subpoenas duces tecum against plaintiff and its certified public accountant, Arthur Anderson Co. Trial Judge Spector has certified the matter for prompt review under Rule 53(c)(2)(i). Plaintiff, American Ship Building Co., experienced cost overruns in constructing an oceanographic research ship for which it claimed reimbursement under P.L. 85-804. Upon administrative denial of this claim, plaintiff filed a contract action in this court to which defendant filed a counterclaim and special plea in fraud. Defendant’s counterclaim and special plea in fraud, pursuant to which discovery is here sought, allege inclusion, directly or indirectly, of illegal bonuses paid by plaintiff as costs in American’s claim against the government for the cost overruns. In proceedings in the District Court for the District of Ohio plaintiff and its chief executive officer pleaded guilty to illegal payment of these bonuses, but plaintiff here denies (and asserts that it has fully disclosed all information so proving) that any portion of six of these bonuses, paid on September 25, 1970, were included in the present contract cost claim. Plaintiff opposes the present discovery motions because the admittedly illegal bonuses now in dispute were paid after plaintiff had first made its claim for cost overrun damages, and as such are asserted by plaintiff to be independent of and separate from that claim.
*406 "In dispute is the meaning of the court’s order of September 30, 1977 [unreported]. That order allowed discovery of records tending to show where admittedly illegal payments had been entered on plaintiffs books and records and whether any portion of these payments had been allocated to the contract in suit. Defendant, we said, was to be 'permitted sufficient discovery to trace the illegal bonus payments and determine whether any portion thereof found its way into the costs allowed under the contract in suit.’ We cannot now say that it is logically impossible for illegal bonuses approved for payment after plaintiff first made its claim for damages in 1970 to be traceable to alleged overrun costs under this contract; nor can we be certain that no new pertinent information on the accounting treatment of the September 1970 bonuses could be found by such discovery. In other words, discovery is to be allowed as to all illegal bonus payments admitted by plaintiff, but only with respect to the possibility of inclusion of any part of such payments in the costs allowed to or claimed by plaintiff in this contract suit.
"The scope of discovery here approved is a narrow one. Only those bonus payments admitted by plaintiff to have been illegal are here subject to discovery; the information sought seems easily available in that plaintiffs accountant has already audited and isolated the accounting treatment of these payments; and, finally, discovery will be constrained by the pleadings in this civil litigation, for any greater use would constitute an extension of the prior criminal investigation of these bonuses, which is prohibited in this civil case. Upon the foregoing understanding, and in consideration of the trial judge’s order and briefs of the parties, and without oral argument,
"it is ordered and concluded that plaintiffs request for prompt review will be and the same is granted, and that the trial judge’s orders permitting discovery with respect to these admittedly illegal bonuses are affirmed.”
May 19, 1978
ON REQUEST FOR REVIEW
"The discovery matter involved in this request for review is set forth in our prior orders in this case of September 30, 1977 and March 17, 1978. The case comes again before us *407 on defendant’s request for prompt review of the trial judge’s subsequent order of April 20, 1978, limiting discovery in this action with respect to illegal bonuses admittedly paid by plaintiff to those illegal payments admitted in the pleadings in this suit. Trial Judge Spector has certified the matter for prompt review under Rule 53(c)(2)(i).
"We hold that the trial judge has misinterpreted our prior orders. First, those orders were intended to allow discovery, for the purposes of this case, with respect to all illegal bonus payments admitted by plaintiff, whether admitted in this action itself or admitted in another proceeding or otherwise admitted by plaintiff. Second, those orders were intended to allow defendant sufficient discovery to trace the admitted illegal bonus payments, whenever made, so as to determine whether any portion of them found its way into the costs allowed under the contract in suit; we said (order of March 17, 1978) that 'we cannot now say that it is logically impossible for illegal bonuses approved for payment after plaintiff first made its claim for damages in 1970 to be traceable to alleged overrun costs under the contract * * *.’ We summarized our holding (order of March 17, 1978) as follows: '* * * discovery is to be allowed as to all illegal bonus payments admitted by plaintiff, but only with respect to the possibility of inclusion of any part of such payments in the costs allowed to or claimed by plaintiff in this contract suit.’[1]
"it is therefore ordered and concluded that defendant’s request for prompt review is granted, and that the trial judge’s order of April 20, 1978, is reversed and vacated.”

 The succeeding paragraph of the order of March 17,1978, simply spelled out that holding and made it clear that the search for and use of any discovered materials should be restricted to the fraud issues in this particular case.